UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JASON LAMAR LEE,           )<br>                              )<br>          Plaintiff,         )<br>     v.                      )      No. 1:24-CV-00023-SEP<br>                              )<br>SHANE L. WISEMAN, et al.,     )<br>                              )<br>          Defendants.         ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Jason Lee's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [2]. On review of the application and the accompanying financial information, the Court will grant the application and assess an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). For the reasons set forth below, the Court dismisses Plaintiff's claims against the Caruthersville Police Department and Defendant Wiseman in his official capacity and orders Plaintiff to file an amended complaint relating solely to the claim against Defendant Wiseman in his individual capacity. *See* 28 U.S.C. § 1915(e)(2).

### INITIAL PARTIAL FILING FEE

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20% of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20% of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id*.

In support of his application, Plaintiff has submitted a certified account statement that reflects deposit activity from October 10, 2023, to February 22, 2024. Doc. [5]. The available information reflects an average monthly deposit of $7.50. Thus, the Court will assess an initial

partial filing fee of $1.50, representing 20% of Plaintiff's average deposit.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff is an inmate at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri.  He brings this action under 42 U.S.C. § 1983 against Shane L. Wiseman

and the Caruthersville Police Department. The Complaint states that Defendant Wiseman is a patrolman for the Police Department. Plaintiff sues Wiseman in his individual and official capacities.

Plaintiff asserts that on July 11, 2023, while being booked at the Pemiscot County Justice Center, Defendant Wiseman assaulted him. Plaintiff states:

> [Wiseman] grabb[ed] me by the jacket and jerk[ed] me around the booking area and then while sitting down he also maced me and after I stood up so he could remove my handcuffs like he asked me to he then pinned me against the counter hurting me and once I tried to defend myself he threw false charges on me saying that I assaulted him when in reality he was the aggressor and I did nothing wrong.

Doc. [1] at 3-4. According to Plaintiff, due to Wiseman's false allegations, a state court revoked Plaintiff's probation and sentenced him to five years' imprisonment. Plaintiff reports that his injuries "are mental, emotional, and materialistic" and that he did not receive medical attention after being maced. He seeks $100,000 in damages.

## DISCUSSION

**I.     Plaintiff's claim against the Police Department and his official-capacity claim against Wiseman are not cognizable.**

A police department, as a department of local government, is not a distinct entity that can be subject to suit. *See, e.g.*, *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amendable to suit"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) ("departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court's dismissal of county jail and sheriff's department as parties because they are not suable entities). Plaintiff's claim against the Police Department is therefore dismissed.

Plaintiff's official-capacity claim against Defendant Wiseman fails for the same reason. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) ("plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). Because Wiseman's employer, the Police Department, is not subject to suit, the official-capacity claim against Wiseman is dismissed. *See Ketchum*, 974 F.2d at 82.

3

## II. The Court does not have enough information to assess Plaintiff's individual-capacity claim against Defendant Wiseman.

Plaintiff asserts that Defendant Wiseman used excessive force while booking Plaintiff at the Pemiscot County Justice Center.  The United States Constitution protects individuals from excessive force by government actors, but the applicable legal standard varies depending on the type of plaintiff.  "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018).  The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015).  And the Eighth Amendment protects convicted prisoners from cruel and unusual punishment. *See Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014).  Because Plaintiff does not disclose the basis for his booking at the Pemiscot County Justice Center, the Court cannot determine which constitutional provision applies to his excessive force claim.  For that reason, the Court will order Plaintiff to file an amended complaint.

### INSTRUCTIONS FOR AMENDING THE COMPLAINT

Plaintiff shall file an amended complaint using the Court's "Prisoner Civil Rights Complaint" form.  Because the Court has dismissed Plaintiff's claims against the Police Department and Defendant Wiseman in his official capacity, Plaintiff shall limit his amended complaint to factual allegations about Wiseman.

In the "Statement of Claim" section, Plaintiff must:  (1) set forth a short and plain statement of the factual allegations supporting his claim against Defendant Wiseman; and (2) state what constitutional or federal statutory right(s) Wiseman violated.  Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a).  No introductory or conclusory paragraphs are necessary.

Plaintiff's failure to make specific factual allegations against Defendant Wiseman will result in the dismissal of this action.  Because Plaintiff is suing Wiseman in his individual capacity, Plaintiff must allege facts demonstrating Wiseman's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  For the sake of clarity, Plaintiff shall also state the basis for his booking at the Pemiscot County Justice Center and shall disclose all relevant state court case numbers.

Plaintiff must fill out the complaint form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995).

An amended complaint completely replaces the original. Any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form within (30) days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## MOTION TO APPOINT COUNSEL

Plaintiff has also filed a Motion to Appoint Counsel. Doc. [3]. A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent civil litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having reviewed these factors, the Court finds that the appointment of counsel is not warranted at this time. So far, Plaintiff has been able to adequately present his claims to the Court, and neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs and will deny Plaintiff's Motion to Appoint

5

Counsel.  Further, the Court will dismiss Plaintiff's claims against the Caruthersville Police Department and Defendant Wiseman in his official capacity.  Finally, the Court will order Plaintiff to file an amended complaint based solely upon his claims against Defendant Wiseman in his individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.50 **within thirty (30) days** of the date of this Order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Caruthersville Police Department and Defendant Wiseman in his official capacity are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2).  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail Plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that **within 30 days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions set forth herein.

Dated this 21st day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE